# EXHIBIT "A"

# EXHIBIT "A"

**ORIGINAL** FILED

FEB 26  1 35 PM '09

CLERK OF THE COURT

**COMPLAINT**
DENNIS A. LARSON and
KATHRYN LARSON
698 RIVERBAND PLACE
HENDERSON, NV 89052
(702) 616-7047
*Plaintiffs in Proper Person*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

DENNIS A. LARSON and ) CASE NO.: A583647
KATHRYN LARSON )
) DEPT NO.: XX
)
Plaintiffs, )
) COMPLAINT
vs. )
) Exemption from Arbitration Claimed as Title
HOMECOMINGS FINANCIAL, LLC,(F/K/A ) to Real Estate is In Issue and the Amount
HOMECOMING FINANCIAL ) Exceeds the Limit of Arbitration
NETWORKING, INC.), NATIONSTAR )
MORTGAGE, INC., EXECUTIVE )
TRUSTEE SERVICES, LLC AND DOES I-X )
, ROES I-X INCLUSIVE )
)
Defendants. )
)

COMES NOW Plaintiffs, DENNIS A. LARSON and KATHRYN LARSON, *In Proper Person*, and hereby complain and allege as follows:

### PARTIES

1. Plaintiff, DENNIS A. LARSON and KATHRYN LARSON at all times relevant has been a resident of the County of Clark, State of Nevada, and the owner of real property identified as: 698 RIVERBAND PLACE HENDERSON, NV 89052

The Legal descriptions are as follows:

APN: 177-25-711-051

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LOT NINE(9) IN BLOCK ONE (1) OF SOUTHFORK PARCEL 1, UNIT 2, AS SHOWN BY MAP THEROF ON FILE IN BOOK 78 OF PLATS, PAGE 70, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA AND AS AMENDED BY CERTIFICATES OF AMENDMENT RECORDED APRIL 7, 1997 IN BOOK 970407 AS DOCUMENT NO. 01329 AND DECEMBER 12, 1997 IN BOOK 971212 AS DOCUMENT NO. 00794 OF OFFICIAL RECORDS, CLARK COUNTY, NEVADA.

2. Mortgage Electronic Registration systems, Inc., ("MERS") is not a Defendant in this litigation, however, at all times herein mentioned, MERS was doing business in the County of Clark, State of Nevada, and alleged to be the Beneficiary regarding Plaintiff's real property as described above and as Situated in Clark County, Nevada.

3. (a) Defendant, HOMECOMINGS FINANCIAL, LLC (F/K/A HOMECOMINGS FINANCIAL NETWORKS, INC) by virtue of the first trust deed and note, at all times herein mentioned was doing business in the County of Clark, State of Nevada, and was the original Lender for both Plaintiff's First and second Trust Deeds and Notes.

3. (b) Defendant, NATION STAR MORTGAGE at all times relevant was and is doing business in the County of Clark, State of Nevada, and has claimed and is claiming an interest in Plaintiff's property either as a loan servicer, or Trustee or Beneficiary.

4. Defendant EXECUTIVE TRUSTEE SERVICES, LLC at all times herein mentioned was doing business in the County of Clark, State of Nevada, and was appointed the successor trustee by MERS to conduct the foreclosure of the above-named real property.

5. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES I through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when they have been ascertained. ROES I through X.....

6. Plaintiffs are informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants sued herein in relation to the property they claim an interest in was the agent and employee of each of the remaining Defendants thereof and at all times were acting within the purpose and scope of such agency and employment.

## GENERAL ALLEGATIONS

7. Plaintiff's general allegations are incorporated throughout the entire complaint.

8. Plaintiffs financed the foregoing real property on or about June 29, 2007 through HOMECOMINGS FINANCIAL by virtue of a First Trust Deed and Note securing the Loan.

9. Defendant HOMECOMINGS FINANCIAL caused MERS to go on title as "Nominee Beneficiary" in order to hide the true Identity of the successor Beneficiaries, on information and belief a Nominee is a person or entity or organization in whose name a security is registered through true ownership is held by another party, in words, MERS is not the Beneficiary.

10. On information and belief MERS was not and is not an Agent and is not an Agent and has NO right to act for or on behalf of or as a Beneficiary, but is merely a Nominee who holds title in his name for another, and even this title is defective as the Beneficiary is not disclosed.

11. On information and belief HOMECOMINGS FINANCIAL immediately sold the notes and Trust Deeds prior to or after the first payment became due. Eventually the defendants as sued herein claimed an interest in the said Notes and Trust Deeds, and MERS wrongfully acted as the Beneficiary and substituted EXECUTIVE TRUSTEE SERVICE, LLC thereafter recorded the Notice of Default, and election to sell at auction notices, and has set a sale date for this auction. Their claimed interest is at best a fraud as will be more fully explained hereinafter.

12. The terms and conditions of the loans as they would progress through time were not explained to Plaintiff, and these loans were neither proper nor suitable for their condition and station in life, these loans exceeded the reasonable expected value of the property at that time and in the foreseeable future based upon expected market changes; these loans were an attempt to acquire mortgage broker premiums, appraiser fees, lender service fees, and to require Plaintiffs to pay sub-prime loans all to the advantage of the Defendants and disadvantage of the Plaintiffs and this was done as a group of individuals in this industry through concerted action or through civil conspiracy, all to the disadvantage of the Plaintiffs as pled more particularly below.

## FIRST CLAIM FOR RELIEF

### Suitability

13. Defendants, and each of them, all retained a professional duty and obligation to Plaintiffs to ensure than only those loans which were most suitable to their personal financial condition, the property at issue, and their financial well being, would be presented and offered to them; these Defendants knew that Plaintiffs would rely upon the Defendants' greater expertise and knowledge in this area in making their selection, if any, for financing of their mortgage. The Defendants breached their professional duties and obligations by providing sub-prime loans that were not suitable nor appropriate for their personal financial condition and well being. As a result of the breach of the duty to provide suitable lending instruments to the Plaintiffs, the Plaintiffs sustained, and will continue to sustain, irreparable damage of their credit history, credit rating, mortgage rating, the inability to obtain an additional mortgage, inability to obtain alternate financing, and inability to obtain a fixed rate financing at the prevailing favorable rate available.

## SECOND CLAIM FOR RELIEF

### Negligence

14. Defendants, and each of them, owed a duty to Plaintiffs to perform their professional services in a manner which placed Plaintiff's interests above the Defendants and to deal honestly, directly, and accurately with the Plaintiff, the documents, and each other. The Defendants, and each of them, breached their duty to the Plaintiff, failing to conduct reasonable evaluation into the merits of the loan transactions and the property itself, and other regular, customary and usual activities that are conducted by professionals of their same nature and type. As a direct result of the breaches by the Defendants, and each of them, Plaintiffs were placed into loans that were inappropriate for their personal financial circumstances at the time, Plaintiffs were misled regarding the nature of their transaction, and other wrongful conduct, all of which led to Plaintiff's damages as discussed herein.

15. As a direct and proximate result of the conduct described herein, and omissions of the Defendants, Plaintiffs have suffered mental anguish, conscious pain and suffering, and mental distress from the economic misfortune caused by the Defendants' conduct and must be awarded appropriate damages.

16. As a direct and proximate result of the above-described conduct and omissions of Defendants, Plaintiffs have sustained, and are certain to sustain in the future, losses, injuries, and additional damages of emotional, physical, and economic nature and must be awarded appropriate damages.

17. As a direct and proximate result of the above-described conduct and omissions of the Defendant's, Plaintiffs are entitled to recover damages in an amount in excess of $10,000.

### THIRD CLAIM FOR RELIEF

### Negligence per se

18. The mortgage broker Defendants and lender Defendants are subject to Nevada Revised Statues and Nevada Administrative Code provisions that govern and direct their conduct. Plaintiff was a member of the class of citizens of the State of Nevada for whose benefit the Statues and Codes were enacted and for whose protection the Statutes and Codes were designed to provide. The Defendants violate the Statutes and Codes enumerated at NRS 645B.460 *et seq.*

19. As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiffs have suffered mental anguish, conscious pain and suffering, and mental distress from the economic misfortune caused by the Defendants' conduct and must be awarded damages.

20. As a direct and proximate result of the above-described conduct and omissions of Defendants, Plaintiffs have sustained and are certain to sustain in the future, losses, injuries, and additional damages of emotional, physical, and economic nature, and must be awarded damages.

21. As a direct and proximate result of the above-described conduct and omissions of the Defendants, Plaintiffs are entitled to recover damages in an amount in excess of $10,000.

## FOURTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty

22. All Defendants were agents of Plaintiffs, or Defendants were compensated to work for or on behalf of Plaintiffs to close the loan transactions discussed herein all of which gave rise to a fiduciary duty owed by the Defendants to Plaintiffs to perform their duties, obligations, and functions in a fair, upstanding, honest, forthright manner, and to conduct themselves so that Plaintiffs would experience the benefit of their professional education, training, and to place the Plaintiff's interests above and before the interests of the Defendants.

The Defendants breached their fiduciary duty to the Plaintiffs in the performance of their professional duties and obligations, which breaches caused Plaintiffs to suffer damages discussed herein.

23. As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiffs have suffered mental anguish, conscious pain and suffering, and mental distress from the economic misfortune caused by the Defendants' actions and must be awarded damages.

24. As a direct and proximate result of the above-described conduct and omissions of Defendants, Plaintiffs have sustained and are certain to sustain in the future, losses, injuries, and additional damages of emotional, physical, and economic nature, and must be awarded appropriate damages.

25. As a direct and proximate result of the above-described conduct and omissions of the Defendants, Plaintiffs are entitled to recover damages in an amount in excess of $10,000.

### FIFTH CLAIM FOR RELIEF

**Negligent Misrepresentation**

26. The Defendants, and each of them, had a duty and obligation to represent accurately, truthfully, and completely, all the information that Plaintiffs relied upon in performing their investigation, consideration and evaluation of whether to obtain additional mortgage financing, alternate mortgage financing, and/or the selection of refinancing for the subject property. The Defendants breached their duty and obligation to provide accurate, truthful and complete information by failing to provide the information to Plaintiffs in a manner that they would understand with their limited understanding, education and training in these matters, and they failed to provide all the information necessary for Plaintiffs to make a complete and accurate and

appropriate decision on these financial issues, all of which caused their damage. Plaintiffs relied upon the negligent misrepresentations of the Defendants in forming their decision regarding the loan transactions at issue.

27. As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiffs have suffered mental anguish, conscious pain and suffering, and mental distress from the economic misfortune caused by the Defendants' actions and must be awarded appropriate damages.

28. As a direct and proximate result of the above-described conduct and omissions of Defendants, Plaintiffs have sustained, and are certain to sustain in the future, losses, injuries, and additional damages of emotional, physical, and economic nature, and must be awarded appropriate damages.

29. As a direct and proximate result of the above-described conduct and omissions of Defendants, Plaintiffs are entitled to recover damages in an amount in excess of $10,000.

## SIXTH CLAIM FOR RELIEF

### Intentional Misrepresentation

30. The Defendants, and each of them, had a duty to represent accurately, truthfully, and completely all the information to Plaintiffs and in a manner that the Plaintiffs actually understood the content of the information so that Plaintiffs could make a responsible decision when deciding which loan to use to finance, and the advantages and disadvantages of the various types of loans. The Defendants, and each of them, intentionally misrepresented the nature of the loans, that the Plaintiffs needed a mortgage of a sub-prime nature and that such a loan was in Plaintiff's benefit, and other intentional misrepresentations which Plaintiffs relied upon in forming their decision regarding the loan transactions.

31. As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiffs have suffered mental anguish, conscious pain and suffering, and mental distress from the economic misfortune caused by Defendants' conduct and must be awarded punitive damages.

32. As a direct and proximate result of the above-described conduct and omissions of Defendants, Plaintiffs have sustained, and is certain to sustain in the future, losses, injuries, and additional damages of emotional, physical, and economic nature, and must be awarded punitive damages.

33. As a direct and proximate result of the Defendants intentional misrepresentations, Plaintiffs sustained severe and catastrophic economic damages as well as severe emotional and physical damages; as such, the Defendants' conduct was sinister, callous, and done with malice, oppression and fraud, and the Defendants should be punished accordingly; therefore, Plaintiffs respectfully requests an award of exemplary or punitive damages against the Defendants as the court deems proper.

## SEVENTH CLAIM FOR RELIEF

### Breach of the Covenant of Good Faith and Fair Dealing

35. Plaintiffs had oral and/or written agreements with all the Defendants and/or through the laws of agency, all the Defendants were bound by the agreements, oral or written, made by and between Defendants and Plaintiffs.

36. Each agreement between Defendants and Plaintiffs required that the Defendants deal fairly and in good faith with Plaintiffs and not seek to take an undue advantage of Plaintiffs in their weakened bargaining position and with their lesser knowledge, skill, education and ability regarding the loan transactions.

37. Defendants violated their duties and breached the covenant of good faith and fair dealing with Plaintiffs and caused Plaintiffs severe economic and personal damages

38. As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiffs have suffered mental anguish, conscious pain and suffering, and mental distress from their economic misfortune.

39. As a direct and proximate result of the above-described conduct and omissions of Defendants, Plaintiffs have sustained, and is certain to sustain in the future, losses, injuries, and additional damages of emotional and physical.

28. As a direct and proximate result of the above-described conduct and omissions of Defendants, Plaintiffs are entitled to recover damages in an amount in excess of $10,000.

## EIGHTH CLAIM FOR RELIEF

### To Restrain Wrongful Foreclosure Against All Defendants

41. On information and belief, MERS wrongfully acting as the Beneficiary, substituted EXECUTIVE TRUSTEE SERVICES, LLC as the successive trustee and EXECUTIVE TRUSTEE SERVICES, LLC recorded the Notice of Default.

42. On the Notice of Breach, it stated, in part, that Plaintiffs as Trustor, to secure certain obligations in favor of MERS, as beneficiary.

43. This representation was made by these defendants in order to induce reliance by Plaintiffs.

44. Plaintiffs did reasonably rely on these representations and because of their reliance, their property in the process of foreclosure and title is about to be taken in the name of an unknown entity.

45. Plaintiffs are informed and believe that the representation as stated on the Notice of Default was a false representation in the following particular(s):

A. Documents were not provided to the trustee that showed that either MERS or NATIONSTAR MORTGAGE, or EXECUTIVE TRUSTEE SERVICES, LLC were the Beneficiary and entitled to the payments.

B. At the time EXECUTIVE TRUSTEE SERVICES, LLC made the representations it knew they were false and were made for the sole purpose of inducing reliance.

46. The actions of Defendants and each of them were fraudulent, oppressive and malicious so as to warrant the imposition of exemplary damages, and that by virtue of Defendants conduct as set forth herein, Plaintiffs iare entitled to exemplary damages.

47. As a direct and proximate result of the fraudulent conduct of the Defendants stated herein, Plaintiffs obtained improper financing for their property which, with current market conditions, renders Plaintiffs unable to mitigate their damages by sale or refinance of the property.

48. Defendants, and each of them, are attempting to foreclose on a property that they have no right to foreclose upon.

49. Defendants have not produced the original note to prove who the real party in interest is.

50. Nevada requires that only the owner of a note evidencing a debt secured by real property can foreclose on the property securing the debt.

51. Here none of the Defendants are the real party in interest as they have not provided, nor can they provide, the note.

52. As a direct and proximate result of the conduct described herein, and omissions of Defendants, Plaintiffs have suffered mental anguish, conscious pain and suffering, and mental

distress from the economic misfortune caused by the Defendants' conduct and is thus entitled to damages.

53. As a direct and proximate result of the above-described conduct and omissions of Defendants, Plaintiffs are entitled to recover damages in an amount in excess of $10,000.

## NINTH CLAIM FOR RELIEF

### Unfair Lending Practices Against All Defendants

55. Defendants, and each of them, violated NRS §598D of the Nevada Revised Statutes defining unfair lending practices.

56. Defendants, and each of them, knowingly or intentionally made a home loan to Plaintiffs without determining, using commercially reasonable means or mechanism, that the borrower had the ability to repay the loan.

57. Pursuant to NRS §598D.110, Plaintiffs are entitled to treble damages.

58. Pursuant to NRS §598D.110, Plaintiffs are entitled to cancelation of any pending foreclosure sale as well as cure to any existing default.

WHEREFORE, Plaintiffs pays for damages as follows:

1. For compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00);

2. For punitive damages in an amount in excess of Ten Thousand Dollars ($10,000.00);

3. For any statutory damages according to law;

4. For Injunctive Relief including the issuance of a restraining order and thereafter a preliminary injunction to maintain the status quo pending final adjudication;

5. For Plaintiff's costs;

6. For attorney's fees in the event that counsel is retained; and

7. For such further and other relief as the Court deems just and proper.

>>>>

DATED this 24 day of Feb-, 2009.

_____
DENNIS A. LARSON
698 Riverband Place
Henderson, NV 89052
(702) 616-7047
Plaintiff in Proper Person

_____
KATHRYN LARSON
698 Riverband Place
Henderson, NV 89052
(702) 616-7047
Plaintiff in Proper Person

## VERIFICATION

We, DENNIS A. LARSON and KATHRYN LARSON, are the Plaintiffs in the above-entitled action. We have read the foregoing Complaint and know the contents thereof. The same is true of our own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, we believe it to be true.

We declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Clark County, Nevada.

DATED this 24 day of Feb, 2009

_____
DENNIS A. LARSON
698 Riverband Place
Henderson, NV 89052
(702) 616-7047
Plaintiff in Proper Person

_____
KATHRYN LARSON
698 Riverband Place
Henderson, NV 89052
(702) 616-7047
Plaintiff in Proper Person

## ACKNOWLEDGMENT

State of Nevada   )
                 )
County of Clark   )

Before me, a notary public in and for the County of Clark, State of Nevada, personally appeared: DENNIS A. LARSON and KATHRYN LARSON who upon satisfactory proof shown to me established that they were the party who signed the foregoing complaint.

DATED this 24th day of Feb., 2009.

_____
Notary Public in and for said County of Clark
State of Nevada

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
T. WAHAAB
No: 07-5063-1
My Appointment Expires Sept. 25, 2011